```
                                          ┌─────────────────────────────────┐
                                          │ USDC SDNY                       │
                                          │ DOCUMENT                        │
                                          │ ELECTRONICALLY FILED            │
UNITED STATES DISTRICT COURT              │ DOC #:_____           │
SOUTHERN DISTRICT OF NEW YORK             │ DATE FILED:__8/26/2025___       │
                                          └─────────────────────────────────┘
```

---------------------------------------------------------------X

MARCO BATTISTOTTI,                                   :
                                                     :
                                     Plaintiff,      :
                        -against-                    :
                                                     :          25-cv-6976 (VEC)
                                                     :
3095 OWNERS CORP., ABC REALTY, and                   :          ORDER
RALPH DAVIS,                                          :
                                                     :
                                     Defendants.     :
---------------------------------------------------------------:
                                                     X

VALERIE CAPRONI, United States District Judge:

   WHEREAS in May 2023, Marco Battistotti ("Plaintiff"), proceeding *pro se*, filed a

Complaint against 3095 Owners Corp., ABC Realty, and Ralph Davis (collectively,

"Defendants") in the Supreme Court of the State of New York, County of New York, *see* Dkt. 2-

2 at 2–22 ("Compl.");

   WHEREAS on July 24, 2025, Plaintiff filed an Amended Complaint alleging that

between March 15, 2021, and March 15, 2024, Defendants caused Plaintiff to be physically

assaulted, psychologically harmed, harassed, retaliated against, stalked, unlawfully imprisoned,

and discriminated against inside and outside the building located at 30 East 95th Street, New

York, NY (the "Premises"), *see* Dkt. 2-1 ("Am. Compl."); Not. of Removal, Dkt. 1, ¶ 6;

   WHEREAS the Amended Complaint asserts twelve causes of action, five of which claim,

for the first time, violations of 42 U.S.C. §§ 1982 and 1983, Not. of Removal ¶ 6 (citing Am.

Compl. ¶¶ 55–62, 72–83, and 102–22);

   WHEREAS on August 22, 2025, Defendants removed the case to this Court, *see* Not. of

Removal;

WHEREAS Defendants bear the burden to establish "that removal is proper" through demonstrating a basis for jurisdiction, *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994);

WHEREAS "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed, 28 U.S.C. § 1441(a);

WHEREAS "[i]t is black letter law that federal courts may raise the issue of subject matter jurisdiction *sua sponte*," *SCG Mima Towers LLC v. Noble*, No. 24-CV-8277 (VSB), 2025 WL 1417260, at *2 (S.D.N.Y. May 16, 2025), *reconsideration denied*, No. 24-CV-8277 (VSB), 2025 WL 1822930 (S.D.N.Y. July 2, 2025) (citation omitted);

WHEREAS Defendants claimed in the removal petition that this Court has federal question jurisdiction due to alleged violations of the Constitution and 42 U.S.C. §§ 1982 and 1983, *see* Not. of Removal ¶¶ 12–14; 28 U.S.C. § 1441(c)(1)(A); 28 U.S.C. § 1331;

WHEREAS it is well established that claims under 42 U.S.C. § 1983 can only be brought against governmental actors, *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (explaining the state action requirement); *Fletcher v. Walmart Stores, Inc.*, No. 05 CIV. 1859 (WHP), 2006 WL 2521187, at *2–4 (S.D.N.Y. Aug. 28, 2006) (dismissing § 1983 action for lack of subject matter jurisdiction for failing to allege defendants were state actors);

WHEREAS neither the removal petition nor the Amended Complaint indicate that Defendants are state actors subject to the § 1983 claims Plaintiff asserts;

WHEREAS 42 U.S.C. § 1982 permits actions against private individuals and organizations alleging a deprivation of a plainitff's property rights due to the plaintiff's race, *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987), provided the plaintiff alleges intentional discrimination, *see Firearms Control Section*, 728 F. Supp. 990, 994 (S.D.N.Y. 1990); and

WHEREAS the Amended Complaint's allegations focus on a series of assaults committed by a non-party against Plaintiff that Plaintiff reported to Defendants, Am. Compl. ¶¶ 31–45, but nothing in the Amended Complaint or the removal petition describes the property rights violated, *see* 42 U.S.C. § 1982 (providing all citizens the right "to inherit, purchase, lease, sell, hold, and convey real and personal property"), or the basis for racial discrimination, beyond the bare allegation that the deprivation occurred because of Plaintiff's race, *see* Am. Compl. ¶¶ 102–07, 117; in fact, the Amended Complaint claims Plaintiff was discriminated against because "he was not a co-op shareholder and because he became vocal of certain unacceptable living conditions within the cooperative," *id.* ¶ 5;

IT IS HEREBY ORDERED that by not later than **Friday, September 5, 2025**, Defendants must either (a) file an amended notice of removal that provides adequate factual allegations to show that the Court may exercise jurisdiction or (b) show cause why this case should not be remanded for lack subject matter jurisdiction.

**SO ORDERED.**

Date:  **August 26, 2025**
      **New York, New York**

_____
      **VALERIE CAPRONI**
      **United States District Judge**